HAVERHILL MUTUAL FIRE INSURANCE COMPANY *vs.* CHEEVER NEWHALL.

A note signed " A. B., Pres't of the Dorchester Avenue R. R. Co.," binds A. B. personally, although given by the authority of the railroad company, and in consideration of a policy of insurance issued to that company by the payee.

CONTRACT upon the following promissory note: " For value received in policy No. 11,176, dated the tenth day of January 1857, issued by the Haverhill Mutual Fire Insurance Company, in the Manufacturers' class, I promise to pay said company, or their treasurer for the time being, the sum of five hundred dol-

lars, in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation and by-laws, require. Cheever Newhall, Pres't of the Dorchester Avenue R. R. Co."

It was agreed that the defendant, at the time of signing the note, was the president of the Dorchester Avenue Railroad Company; that it was given in consideration of a policy of insurance issued by the plaintiffs to that company, upon property owned by them; that the defendant was duly authorized by that company to obtain the insurance and to sign the note; and that an assessment had been duly laid upon the note.

*J. A. Gillis*, (*A. C. Washburn* with him,) for the defendant.

No appearance for the plaintiffs.

DEWEY, J. The only question here raised is, whether the plaintiffs may legally charge the defendant upon this promissory note. The case does not involve the inquiry whether the plaintiffs might not, if they had so elected, have treated the note as the promise of the Dorchester Avenue Railroad Company, upon establishing the fact of the agency of Newhall, and that the contract was made on their behalf as principals. In the latter case, it might have been material that this note is not a negotiable note, and that the consideration of the same was a policy of insurance in their favor.

But upon the question of charging the defendant, we are to look merely at the form of the note, and the formal obligation, if any, assumed by him. It is too well settled to need any reference to authorities to show, that an agent may, by the form of the promise and manner of his signature, fix upon himself a personal liability. This the defendant has done in the present case. The words used are: " I promise to pay," &c. To this promise the name of the defendant is subscribed. The addition to his name, " Pres't of the Dorchester Avenue R. R. Co." does not affect the personal liability of the signer.

We have had occasion recently to consider this subject fully in the case of *Fiske* v. *Eldridge*, 12 Gray,      , where the form of the signature of the note was: " John S. Eldridge, Trustee of Sullivan Rail Road "; and the defendant was held personally

liable. The adjudicated cases bearing upon this point will be found stated in the opinion in that case. We do not see that the form of the policy affects the question of the defendant's liability on the note. The court perceive no sufficient ground for distinguishing the present case from the cases referred to.

*Judgment for the plaintiffs.*